# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CASE NO.: 1:18CR229 |
| Plaintiff | * | JUDGE: JOHN R. ADAMS |
| v. | * | |
| WILLIAM L. WINE, JR. | * | **SENTENCING MEMORANDUM OF WILLIAM L. WINE, JR.** |
| Defendant | * | |
| * * * | | |

Now comes the Defendant, WILLIAM L. WINE, JR., by and through the undersigned counsel, and offers the following Memorandum to assist the Court at sentencing in this matter currently scheduled for April 16, 2019.

The major purpose of this Memorandum is to address the issue under the guidelines relating to the Defendant's adjustment for acceptance of responsibility set forth in Paragraphs 30, 31, and 32 of the Presentence Investigation Report filed on or about April 8, 2019. The undersigned apologizes for the lateness of the filing of this Memorandum, however the issue did not arise until the Presentence Investigation Report was filed on April 8, 2019. The Presentence Report does not grant the Defendant a three level reduction for acceptance of responsibility because the Probation Officer determined at Paragraph 32 of her report that "*in the defendant's*

1

*statement for acceptance of responsibility, it does not show the defendant accepts responsibility for intent to defraud, and it appears he is blaming his conduct on the investment projects."*

The undersigned believes this position taken in the Presentence Investigation Report is erroneous.  The Probation Officer forwarded her initial Presentence Investigation Report to the undersigned on or about March 5, 2019.  At that time the Defendant had not submitted his written statement for acceptance of responsibility, but presumably based on all the other information available to the Probation Officer at that time, she did grant the Defendant three levels for acceptance of responsibility.

At the time of the disclosure of the first Presentence Investigation, the Probation Officer would have been aware of the following facts showing Defendant's acceptance.  The Defendant had pled guilty to all three counts set forth in the indictment which specifically alleged wire fraud.  She would have known that the Defendant had a plea colloquy with the Court at the time of entering of his plea wherein the Court's insured the Defendant understood he was pleading guilty because he accepted he was guilty of wire fraud.  She knew the Defendant had entered into a plea agreement with the government which contained an 8-page Attachment "A", setting forth with much specificity the Defendant's fraudulent actions, and his specific intent to defraud.  The victim's plea agreement also notes at Paragraph 16 of the plea agreement that *"The USAO has no reason to believe at this time that Defendant has not clearly and affirmatively accepted personal responsibility for Defendant's criminal conduct.  The USAO agrees to recommend a three (3) level reduction for acceptance of responsibility under U.S.S.G.§3E1.1 (a) and (b),…"*  Nowhere in these documents and his discussions with the Court did the Defendant ever appear to blame

his conduct on the investment projects or on any other factors other than his own fraudulent actions.

After the Defendant submitted his initial statement regarding acceptance of responsibility, the Probation Officer contacted the undersigned and voiced her concerns. After discussions with counsel, the Defendant changed his statement somewhat to address her concerns. The Defendant's final statement specifically states that the Defendant wrongfully later invested their funds, caused the victims to lose all of their life savings, and that he sent false statements to investors. Without taking into consideration the government's position that the Defendant had accepted responsibility or the 8-page Admission of Responsibility attached to the Plea Agreement, the written statement clearly shows the Defendant feels responsible for the loss that occurred to the victims and that his actions were wrong and criminal.

Thus the Defendant respectfully requests that the Court grant him a 3 level reduction for acceptance of responsibility. If the Court grants the Defendant the 3 levels for acceptance of responsibility, it affects several other Paragraphs of the Presentence Investigation Report. In Paragraph 43, the Defendant's Total Offense Level would be listed at 20 instead of 23. In Paragraph 73, the guideline imprisonment range would be 37-46 months and not 51-63 months.

Another issue that the Court should be aware of relates to the two level Adjustment for Role in the Offense set forth under Paragraph 38 that finds the Defendant abused a position of public or private trust. The Plea Agreement at Paragraph 15 states in the footnote that *"Defendant Wine reserves the right to contest the application of this role enhancement at sentencing."* The Defendant and the government agreed to include this provision and allow the Defendant to argue whether the added 2 points were applicable in this case because the law is

3

unclear as to whether this provision applies to the Defendant.  The Defendant was a financial advisor and the undersigned at the time of plea was unaware of a case where a financial advisor had been held to this role adjustment.  While the undersigned still feels that the issue could be arguable at sentencing, the Defendant has agreed to concede and not dispute the addition of these added 2 points.  The 2 point Adjustment for Role in the Offense was added in the initial Presentence Investigation Report prepared by the Probation Officer and the undersigned did not object to the adjustment and hereby waives the right to contest the application of this role enhancement.

    Thus it appears that the government and the Defendant are in agreement.  The Defendant's guideline calculation should be a Subtotal of 23, less Acceptance of Responsibility of 3 points leaving the Total Offense Level of 20.

    WHEREFORE, based on the foregoing, the Defendant respectfully requests that the Court grant him a 3 level reduction for Acceptance of Responsibility and impose a Sentence within the Guideline Range of 37-46 months as contemplated by the government and the Defendant.

    Respectfully submitted,

/S/  DAVID C. JACK_____
DAVID C. JACK #0034187
Attorney for Defendant
145 Akron Road
Wadsworth, Ohio  44281
(330) 336-4455 Fax:  330-336-4462
davidjacklaw@juno.com

## PROOF OF SERVICE

      I hereby certify that on the 12th day of April, 2019, a copy of the foregoing Defendant's Sentencing Memorandum was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

      /s/David C. Jack_____
      DAVID C. JACK #0034187
      Attorney for Defendant